

# Notice of Service of Process

**TMM / ALL**
**Transmittal Number: 22270407**
**Date Processed: 11/09/2020**

| | |
|---|---|
| **Primary Contact:** | Tanya Flores<br>Midland Credit Management, Inc.<br>350 Camino de La Reina<br>Ste 100<br>San Diego, CA 92108-3007 |
| **Electronic copy provided to:** | Krista Yerby |

| | |
|---|---|
| **Entity:** | Midland Credit Management, Inc<br>Entity ID Number  1682419 |
| **Entity Served:** | Midland Credit Management LLC |
| **Title of Action:** | Virginia Ayala  vs. Midland Credit Management, LLC |
| **Matter Name/ID:** | Virginia Ayala  vs. Midland Credit Management, LLC (10644775) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Violation of State/Federal Act |
| **Court/Agency:** | Broward County Circuit Court, FL |
| **Case/Reference No:** | COCE-20-027968 |
| **Jurisdiction Served:** | Florida |
| **Date Served on CSC:** | 11/04/2020 |
| **Answer or Appearance Due:** | 11/17/2020 |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Jibrael S. Hindi<br>954-907-1136 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

VIRGINIA AYALA _____ :

_____ :

_____ :

_____ :

_____ :

_____ PLAINTIFF

IN THE COUNTY COURT IN AND
FOR BROWARD COUNTY, FLORIDA
CASE NO. __COCE-20-027968__
JUDGE Florence T Barner
DIV. ____54____

VS.

MIDLAND CREDIT MANAGEMENT, LLC, and MIDLAND FUNDING, LLC, :

MIDLAND CREDIT MANAGEMENT, LLC :

c/o Corporation Service Company :

1201 Hays Street :

Tallahassee, FL 32301-2525 :

_____ DEFENDANT

**SUMMONS/NOTICE TO APPEAR FOR
PRETRIAL CONFERENCE**

ABP# Mun # 14

DATE 11/4/20 TIME 925

Name_____ Badge/ID#_____

*** scan back executed ***

## SUMMONS/NOTICE TO APPEAR

## PRETRIAL CONFERENCE [REMOTE APPEARANCE]

## STATE OF FLORIDA – NOTICE TO PLAINTIFF(S) AND DEFENDANT(S)

[Plaintiff's Name(s) and Address(es)]

[Defendant's Name(s) and Address(es)]                    SEE HEARING INFO BELOW

YOU ARE HEREBY NOTIFIED that you or your attorney are required to appear VIA ZOOM
VIDEOCONFERENCE on _____ at _____ for a PRETRIAL
CONFERENCE before the Court.

**IMPORTANT – READ CAREFULLY – THE CASE WILL NOT BE TRIED AT THAT
TIME. DO NOT BRING WITNESSES – APPEAR IN PERSON OR BY ATTORNEY.**

### THESE ARE THE THINGS YOU MUST DO:

**STEP ONE.** Promptly contact Court Mediation Services at **smallclaims@17th.flcourts.org** to
schedule your FREE mediation before the Court's neutral mediators in an attempt to resolve your
case and/or arrange for a payment plan. [Please provide your name and case number in your
email.] If you resolve your case, you will not need to attend the pretrial conference.

**STEP TWO.** If your case does not resolve before the pretrial conference date above, locate the
Zoom Videoconference information for your assigned division on the attached Zoom link
information page or as noted above. You can also locate the Zoom link at
http://www.17th.flcourts.org/judiciary-list-and-category. (NOTE: Your Division Number is
indicated at the very top of this page.) If you do not have an attorney, you may appear by
telephone if you do not have access to video appearance through your computer or telephone.

Pretrial Information: Appear at

on 11/17/2020 at 9:30 AM
in https://17thflcourts.zoom.us/j/911872548.

'The telephone number is also available for each Division at
http://www.17th.flcourts.org/judiciary-list-and-category.

**STEP THREE.** Attend the pretrial conference by Zoom videoconference. The defendant(s) must appear on the date specified above at the assigned time to avoid a default judgment. The plaintiff(s) must appear to avoid having the case dismissed. A written MOTION or ANSWER to the court by the plaintiff(s) or the defendant(s) shall not excuse the personal appearance of a party or its attorney at the PRETRIAL CONFERENCE. The date and time of the pretrial conference CANNOT be rescheduled without good cause and prior court approval.

**ADDITIONAL INFORMATION.** Any business entity recognized under Florida law may be represented at any stage of the trial court proceedings by any principal of the business entity who has legal authority to bind the business entity or any employee authorized in writing by a principal or a business entity. A principal is defined as being an officer, member, managing member, or partner in the business entity. Written authorization must be filed with the Court prior to the pretrial conference.

The purpose of the pretrial conference is to note your appearance, to determine if you admit all or part of the claim, to enable the court to determine the nature of the case, and to set the case for trial if the case cannot be resolved at the pretrial conference. You or your attorney should be prepared to confer with the court and to explain briefly the nature of your dispute, state what efforts have been made to settle the dispute, exhibit any documents necessary to prove the case, state the names and addresses of the witnesses, stipulate to the facts that will require no proof and will expedite the trial, and estimate how long the trial will take.

Mediation may take place at the pretrial conference. Whoever appears for a party must have full authority to settle. Failure to have full authority to settle at this pretrial conference may result in the imposition of costs and attorneys' fees incurred by the opposing party.

If you admit the claim, but desire additional time to pay, you must come and state the circumstances to the court. The court may or may not approve a payment plan and withhold judgment or execution or levy.

**RIGHT TO VENUE: The law gives the person or company who has sued you the right to file the lawsuit in any one of several places as listed below. However, if you have been sued in any place other than one of these places, you, as the defendant(s), have the right to request that the case be moved to a proper location or venue. A proper location or venue may be one of the following: (1) where the contract was entered into; (2) if the suit is on an unsecured promissory note, where the note was signed or where the maker resides; (3) if the suit is to recover property or to foreclose a lien, where the property is located; (4) where the event giving rise to the suit occurred; (5) where any 1 or more of the defendants sued reside; (6) any location agreed to in the contract; (7) in an action for money due, if there is no agreement as to where suit may be filed, where the payment is to be made.**

If you, as the defendant(s), believe the plaintiff(s) has/have not sued in one of these correct places, you must appear on your court date and orally request a transfer, or you must file a WRITTEN request for transfer in affidavit form (sworn to under oath) with the court at least 7 days prior to your first court date and send a copy to the plaintiff(s) or plaintiff's('s) attorney, if any.

A copy of the statement of claim shall be served with this summons /notice to appear.

Issued on _____ OCT 22 2020 _____.

Filed by: _____

Address: _____

_____

BRENDA D. FORMAN

AS CLERK OF THE COURT

_____

BRENDA D. FORMAN

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Diana Sobel, Room 20140, 201 S.E. Sixth Street, Fort Lauderdale, Florida 33301, 954-831-7721 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

### ZOOM LINK INFORMATION (BROWARD COUNTY)

**Step 1:** Locate your division number on the very top of the first page of this Summons

**Step 2:** Access via computer the Zoom Link below corresponding to your assigned division number.

**Step 3:** Follow the instructions on your computer screen and select ONE of the audio conference options. You may join by phone call or by computer audio (speaker and microphone required for computer audio). Please note that COUNSEL must join by computer audio/video so that you are easily identified.

**Step 4:** If you do not have access to computer video/audio, you may call by telephone:

US toll-free numbers (888) 475-4499,

(833) 548-0276, (833) 548-0282, or (877) 853-5257

When prompted on the telephone for the "Meeting ID," use the 9 to 11-digit code at the end **of the division link below.**

Division 47 https://17thflcourts.zoom.us/j/95687147196

Division 48 https://17thflcourts.zoom.us/j/292953734

Division 49 https://17thflcourts.zoom.us/j/906144255

Division 50 https://17thflcourts.zoom.us/j/154272965

Division 51 https://17thflcourts.zoom.us/j/874680432

Division 52 https://17thflcourts.zoom.us/j/530095888

Division 53 https://17thflcourts.zoom.us/j/401645765

Division 54 https://17thflcourts.zoom.us/j/911872548

Division 55 https://17thflcourts.zoom.us/j/832434674

Division 56 https://17thflcourts.zoom.us/j/121103675

Division 60 https://17thflcourts.zoom.us/j/990901272

Division 61 https://17thflcourts.zoom.us/j/606672692

Division 62 https://17th.flcourts.zoom.us/j/98661669177

Division 70 https://17thflcourts.zoom.us/j/561587919

Division 71 https://17thflcourts.zoom.us/j/294767991

Division 72 https://17thflcourts.zoom.us/j/402362403

Division 73 https://17thflcourts.zoom.us/j/499985495

Division 80 https://17thflcourts.zoom.us/j/489403007

Division 81 https://17thflcourts.zoom.us/j/855034385

Division 82 https://17thflcourts.zoom.us/j/190948749

Division 83 https://17thflcourts.zoom.us/j/684278427

### IN THE COUNTY COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
### IN AND FOR BROWARD COUNTY, FLORIDA

**VIRGINIA AYALA,**

     **Plaintiff,**

v.

**MIDLAND CREDIT MANAGEMENT, LLC,**
and **MIDLAND FUNDING, LLC,**

     **Defendants.**

_____/

Case No.:COCE-20-027968

**JURY TRIAL DEMANDED**

**INJUNCTIVE RELIEF SOUGHT**

## STATEMENT OF CLAIM

Plaintiff Virginia Ayala ("Plaintiff") sues Defendant Midland Credit Management, LLC and Defendant Midland Funding, LLC (collectively, the "Defendants") for violations the Florida Consumer Collection Practices Act ("FCCPA") and Fair Debt Collection Practices Act ("FDCPA").

## JURISDICTION AND VENUE

1.    This Court has subject matter jurisdiction over Plaintiff and Defendants (collectively, the "Parties"), because the cause of action arises within the jurisdiction of this Court and, thus, venue and jurisdiction are proper.

2.    This Court has personal jurisdiction over Defendants because Defendants are operating, present, and/or doing business within this jurisdiction and because the complained of conduct of Defendants occurred within Broward County, Florida.

3.    The amount in controversy is greater than $500.00, but does not exceed $2,500.00, exclusive of costs, interest, and attorneys' fees, and is otherwise within this Court's jurisdiction.

4.    Venue of this action is proper in this Court because, pursuant to Fla. Stat. § 47.011, et seq., the cause of action alleged below arose in Broward County Florida.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## PARTIES

5.      Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

6.      Defendant Midland Credit Management, LLC ("Defendant-DC") is a Kansas corporation, with its principal place of business located in San Diego, California.

7.      Defendant Midland Funding, LLC ("Defendant-Creditor") is a Delaware limited liability company, with its principal place of business located in San Diego, California.

## DEMAND FOR JURY TRIAL

8.      Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## FACTUAL ALLEGATIONS

9.      This action involves the debt arising from a transaction between the original creditor, Synchrony Bank, and Plaintiff involving an unsecured line of credit with the consumer retailer HH Gregg, of which was primarily for the personal benefit of Plaintiff, Plaintiff's family, as well as members of Plaintiff's household (the "Consumer Debt").

10.      Plaintiff is the alleged debtor of the Consumer Debt.

11.      Defendant-DC is a debt collector governed by both the FDCPA and FCCPA.

12.      Defendant-DC is a business entity engaged in the business of soliciting consumer debts for collection.

13.      Defendant-DC is a business entity engaged in the business of collecting consumer debts.

14.      Defendant-DC regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

15.     Defendant-DC is an entity required to register with the Florida Office of Financial Regulation as a "Consumer Collection Agency" to lawfully collect consumer debts in Florida.

16.     The Consumer Debt is a debt which Defendant-DC must possess a valid Consumer Collection Agency license to lawfully collect or attempt to collect from Plaintiff.

17.     Defendant-DC is registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

18.     Defendant-DC's "Consumer Collection Agency" license number is CCA0900916.

19.     For Defendant-DC's "Consumer Collection Agency" license to remain valid, Defendant-DC is required to maintain, *at minimum*, all records specified in Rule 69V-180.080, Florida Administrative Code, and keep such records current within one week of the current date.

20.     Rule 69V-180.080(3)(e) of the Florida Administrative Code commands that Defendant-DC *shall* maintain: "[t]he debtor's account of activity disclosing… a record of payments made by the debtor, including the date received and the amount and balance owing."

21.     Rule 69V-180.080(9)(a)-(b) of the Florida Administrative Code commands that Defendant *shall* maintain: "basic information about the debt including, at minimum… [d]ocumentation of the debt provided by the creditor," as well as "[t]he date the debt was incurred and the date of the last payment."

22.     Defendant-DC maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

23.     The records specified by Rule 69V-180.080, Florida Administrative Code, of which Defendant-DC does maintain, are current to within one week of the current date.

24.     Defendant-Creditor is the *current* creditor of the Consumer Debt.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

25.     On a date better known by Defendants, Defendant-Creditor referred the collection of the Consumer Debt to Defendant-DC.

26.     The Consumer Debt is comprised of principal, interest, and fees, whereby the total amount of the Consumer Debt, pursuant to the agreement underlying the Consumer Debt, is subject to increase daily, if not monthly, based on the principal portion of the Consumer Debt and the interest and fees which said principal is subject thereto.

27.     By way of documents and information Defendant-DC maintains in accordance with Rule 69V-180.080, Florida Administrative Code: [1] Defendant-DC knew the Consumer Debt was comprised of principal, interest, and fees; [2] Defendant-DC knew that the total amount of the Consumer Debt was the sum of the principal portion of the Consumer Debt and the interest and fees said principal amount is subject thereto; and [3] Defendant-DC knew the Consumer Debt was subject to increase based on the amount of the principal portion of the Consumer Debt and the interest and fees which said principal is subject thereto.

28.     On or about May 20, 2020, Defendant-DC send Plaintiff a letter (the "Collection Letter") in an attempt to collect the Consumer Debt from Plaintiff. Attached hereto as Exhibit "A" is a copy of the Collection Letter.

29.     The Collection Letter is a communication from Defendant-DC to Plaintiff in connection with the collection of a debt, namely, the Consumer Debt.

30.     The Collection Letter is an attempt to collect the Consumer Debt from Plaintiff by Defendant-DC on behalf of Defendant-Creditor.

31.     In the Collection Letter, Defendant-DC claims that the Consumer Debt, because of its age, is barred by the statute of limitations.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

32.     The Consumer Debt is not a time-barred debt or otherwise barred any the governing statute of limitations.

33.     The Collection Letter causes the least sophisticated consumer to falsely believe that the Consumer Debt is barred by the applicable statute of limitations, and in so doing, causes the least sophisticated consumer to believe that he or she cannot be sued by the creditor of the Consumer Debt for collection thereof.

34.     Defendant-DC knew that the Consumer Debt was not barred by the applicable statute of limitations, by way of, including but not limited to, the documents Defendant-DC is required to maintain to for its (Defendant-DC's) Consumer Collection Agency license (CCA0900916) to remain valid.

### *COUNT I.*
### **VIOLATION OF 15 U.S.C. § 1692g(a)(1) and § 1692e(2)(A)**
#### *(against Defendant-DC)*

35.     Plaintiff incorporates by reference paragraphs 1-34 of this Statement of Claim as though fully stated herein.

36.     Defendant-DC violated § 1692g(a)(1) and § 1692e(2)(A) of the FDCPA by attempting to collect the alleged Consumer Debt from Plaintiff *via* the Collection Letter. Here, the Collection Letter fails to adequately inform the least sophisticated consumer of the true amount owed to the current creditor and otherwise falsely represents the character and/or amount of the debt. In short, Defendant-DC failed to provide an explicit disclosure of accrued and accruing interest the Consumer Debt is subject to pursuant to the agreement underlying the Consumer Debt.

37.     As stated above, the Consumer Debt is the sum of the principal portion of the original debt and, *inter alia,* the interest and fees added to said principal pursuant to underlying

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

agreement. With that said, however, the amount that the creditor of the Consumer Debt is entitled to recover from Plaintiff goes much further.

38.     Section 1692g(a)(1) of the FDCPA requires that a debt collector send the consumer a written notice containing "**the amount of the debt**." 15 U.S.C. § 1692g(a) (emphasis added). Section 1692e(2)(A) explicitly prohibits "**[t]he false representation of the character, amount, or legal status of any debt**." 15 U.S.C. § 1692e(2) (emphasis added).

39.     Defendant-DC failed to provide an explicit disclosure of accrued and accruing interest and fees which the Consumer Debt is subject thereto, and as a result, the least sophisticated consumer can be misled or confused as to the amount of the owed. For example, the least sophisticated consumer may erroneously believe that he or she can fully satisfy the underlying debt by mailing the creditor the full amount listed on the collection letter Defendant-DC sent to the consumer *regardless* of how much time has lapsed.

40.     Here, the Consumer Debt, pursuant to the agreement underlying the Consumer Debt, continues to accrue fees and interest, of which is compounded on a daily or otherwise periodic basis.

41.     The necessity of information which Defendant-DC omitted from the Collection Letter was an issue Judge Kathleen M. Williams addressed in <u>Anselmi v. Shendell & Associates, P.A.</u>, stating, in relevant part:

> The Seventh Circuit has offered some guidance regarding a debt
> collector's obligations under 15 U.S.C. §1692g(a). *See* <u>Miller v.
> McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.</u>, 214
> F.3d 872, 876 (7th Cir. 2000). With regard to specifying the amount
> of the debt owed, the Seventh Circuit has held that the following
> statement would satisfy the debt collector's duty to state the amount
> of the debt where the amount may vary day to day: *As of the date of
> this letter, you owe $___ [the exact amount due]. Because of
> interest, late charges, and other charges that may vary from day to
> day, the amount due on the day you pay may be greater. Hence, if*

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

> *you pay the amount shown above, an adjustment may be necessary*
> *after we receive your check, in which event we will inform you*
> *before depositing the check for collection. For further information,*
> *write the undersigned or call 1–800–[phone number]. See* Id. at 876.
> Although a debt collector need not use this exact language, using the
> aforementioned or similar language will preclude a debt collector
> from being accused of violating §1692g(a). Id.

2014 WL 5471111 at *3 (S.D. Fla. 2014) (emphasis added).

42.     Yet, despite Judge Kathleen M. Williams' clear articulation of safe-harbor language capable of insulating Defendant-DC from liability, Defendant-DC *still* chose to wrongfully conceal necessary and pivotal information from the least sophisticated consumer. For example, in the Collection Letter, Defendant-DC did not inform the least sophisticated consumer that the underlying debt was accruing interest; Defendant-DC did not provide a breakdown of the accrued interest or other fees and instead mislead the least sophisticated consumer by stating the amount owed as a single sum; Defendant-DC did not state whether the underlying debt was subject to the accrual of interest or other charges; Defendant-DC did not state whether the consumer debt had accrued interest or other charges; Defendant-DC did not state the amount of interest and other charges that had accrued on the principal portion of the underlying debt; Defendant-DC did not state how or when the purported amount owed by the consumer had been calculated; and Defendant-DC failed to advise of the *added* prejudgment interest which the current creditor could *also* recover from the consumer upon securing a judgment against the consumer.

43.     Thus, in light of the forgoing, Defendant-DC violated § 1692g(a)(1) and § 1692e(2)(A) of the FDCPA by failing inform the least sophisticated consumer of the interest, charges, and/or fees which the underlying debt *was and is* subject.

44.     WHEREFORE, Plaintiff requests this Court to enter a judgment against Defendant-DC, awarding Plaintiff the following relief:

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

(a)     Statutory damages as provided by 15 U.S.C. §1692k;

(b)     Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §1692k; and

(c)     Any other relief that this Court deems appropriate under the circumstances.

### COUNT II.
### VIOLATION OF 15 U.S.C. § 1692e(2)(A)
*(against Defendant-DC)*

45.     Plaintiff incorporates by reference paragraphs 1-34 of this Statement of Claim as though fully stated herein.

46.     Section 1692e(2)(A) of the FDCPA explicitly prohibits "**[t]he false representation of the character, amount, or legal status of any debt.**" 15 U.S.C. § 1692e(2) (emphasis added).

47.     As stated above, the Consumer Debt is *not* a time-barred debt or otherwise barred by the statute of limitations. The Collection Letter, however, falsely represents the legal status of the Consumer Debt, *in that*, the Collection Letter causes the least sophisticated consumer to falsely believe that the underlying debt was barred by the applicable statute of limitations. As such, by and through the Collection Letter, Defendant-DC violated § 1692e(2)(A) of the FDCPA.

48.     WHEREFORE, Plaintiff requests this Court to enter a judgment against Defendant-DC, awarding Plaintiff the following relief:

(a)     Statutory damages as provided by 15 U.S.C. §1692k;

(b)     Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §1692k; and

(c)     Any other relief that this Court deems appropriate under the circumstances.

### COUNT III.
### VIOLATION OF FLA. STAT. § 559.72(9)
*(against Defendant-DC and Defendant-Creditor)*

49.     Plaintiff incorporates by reference paragraphs 1-34 of this Statement of Claim as though fully stated herein.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

50.     Defendant-DC violated Fla. Stat. § 559.72(9) by falsely asserting and representing to the least sophisticated consumer that the Consumer Debt was a time-barred debt.

51.     At minimum, Defendant-DC acted with apparent authority in attempting to collect the Consumer Debt on Defendant-Creditor's behalf. Defendant-DC sought to collect the Consumer Debt from Plaintiff because Defendant-DC had contracted with Defendant-Creditor for the provision of such services.

52.     Defendant-Creditor purposely provided Defendant-DC with the information to collect the Consumer Debt from Plaintiff, of which included Plaintiff's contact information, the nature of the Consumer Debt, and the amount purportedly owed by Plaintiff.

53.     As such, the above-mentioned violation of § 559.72(9) is the result of Defendant-DC's acts and/or omissions, whereby such acts and/or omission occurred within the scope and course of agency between Defendant-DC and Defendant-Creditor, and as a result, Defendant-Creditor is vicariously liable for such FCCPA violation.

54.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendants, awarding Plaintiff the following relief:

(a)     Statutory damages as provided under Fla. Stat. §559.77(2);

(b)     Costs and reasonable attorneys' fees pursuant to Fla. Stat. §559.77(2); and

(c)     Any other relief that this Court deems appropriate under the circumstances.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

DATED: October 13, 2020

Respectfully Submitted,

 /s/ Jibrael S. Hindi
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:    jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:    tom@jibraellaw.com
THE LAW OFFICES OF JIBRAEL S. HINDI
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:    954-907-1136
Fax:        855-529-9540

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

EXHIBIT "A"

# WE'RE HERE
# TO HELP

| | |
|---|---|
| Original Creditor | Synchrony Bank |
| Current Owner | Midland Funding LLC |
| Original Account Number | 6019170283162848 |
| MCM Account Number | 8574203477 |
| Current Balance | 54,335.81 |

You are pre-approved for a 40% discount!
Reply Now! MidlandCredit.com
(800) 321-3809

P34T1000 001

Virginia Ayala
11600 NW 4th St Apt 208
Pembroke Pines, FL 33028-2249

## Choose The Option That Works For You!

05-20-2020

RE Synchrony Bank · Hh Gregg ·
Dear Virginia,
We know times are tough. That's why we are offering you flexible options to stay on the road to financial recovery. We encourage you to take advantage of these generous options: pay TODAY at MidlandCredit.com or call (800) 321-3809 now.

| Option 1*: Save 40% | You Pay Only: |
|---|---|
| This discount expires on 06-19-2020 | $2,601.49 |

| Option 2**: Start Small | Pay as Little as $5 per Month |
|---|---|
| This offer expires 6-30-2020 | for the First 3 Months |

| Option 3: Let Us Know Your Status: | Temporary Hardships |
|---|---|
| Call today to discuss your options and get more details: | Available |

During times like these a single call can make a big difference. Call (800) 321-3809 now. You can also learn more at MidlandCredit.com.

Sincerely,

*Tim Bolin*

Tim Bolin, Division Manager
*To take advantage of Option 1, log in to MidlandCredit.com, choose "MAKE A PAYMENT" and follow the on-screen instructions. You may also call (800) 321-3809
**Option 2 is only available by calling (800) 321-3809

The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it. If you do not pay the debt, we may continue to report it to the credit reporting agencies as unpaid.

## Flexibility You Need

Defer Your Payments

Make Small Initial Payments (as low as $5)

STOP our calls by selecting one of these 3 options

The 40% discount expires 06-19-2020

Other options available through 06-30-2020.

MidlandCredit.com
(800) 321-3809
Sun-Th: 5am-9pm PT,
Fri-Sat: 5am-4:30pm PT.

MCM Midland Credit Management®

350 Camino De La Reina
Suite 100
San Diego, CA 92108

We are not obligated to renew any offers provided.

MidlandCredit.com   (800) 321-3809   Midland Credit Management, Inc
P.O. Box 51319
Los Angeles, CA 90051-5619

### PLEASE SEE REVERSE SIDE FOR IMPORTANT DISCLOSURE INFORMATION

☐ Check here if you provided updated contact information on the reverse side.

MCM Account Number      8574203477
Current Balance             $4,335.81

Total Enclosed      $

Mail Payments to:
Midland Credit Management, Inc
P.O. Box 51319
Los Angeles, CA 90051-5619

## Manage Your Account Online
MidlandCredit.com

### Important Payment Information

Make checks payable to:
Midland Credit Management
Enter your MCM Account # on all payments

# (800) 321-3809

se habla español
(888) 422-5178

12 8574203477         877402059         B468 DOEC

## Important Disclosure Information:

**Please understand this is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.**

Calls to and/or from th[...] [...] may be m[...]tored or recorded.

### Phase Information

| Original Creditor | Synchrony Bank | MCM Account Number | 8574203477 |
|---|---|---|---|
| Original Account Number | 6019170239362848 | Charge-Off Date | 09-14-2016 |
| Current Creditor *The sole owner of this debt* | Midland Funding LLC | Current Servicer | Midland Credit Management, Inc. |

### Important Contact Information

| Send Payments to: Midland Credit Management, Inc P.O. Box 51319 Los Angeles, CA 90051-5619 | Send disputes or an instrument tendered as full satisfaction of a debt to: Attn: Consumer Support Services 320 East Big Beaver Rd. Suite 300 Troy, MI 48083 You may also call: (800) 321-3809 | Physical Payments for Colorado Residents: Colorado Manager, Inc. 8690 Wolff Court, Suite 110 Westminster, CO 80031 Phone (303) 920-4763 |
|---|---|---|

We are required under state law to notify consumers of the following additional rights. This list does not contain a complete list of the rights consumers have under applicable law.

NMLS ID: 934164

**IF YOU LIVE IN MASSACHUSETTS, THIS APPLIES TO YOU: NOTICE OF IMPORTANT RIGHTS:** You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten (10) days unless you provide written confirmation of the request postmarked or delivered within seven (7) days of such request. You may terminate this request by writing to MCM.

**IF YOU LIVE IN MINNESOTA, THIS APPLIES TO YOU:** This collection agency is licensed by the Minnesota Department of Commerce.

**IF YOU LIVE IN NEW YORK CITY, THIS APPLIES TO YOU:** New York City Department of Consumer Affairs License Number 1140603, 1207829, 1207820, 1227728, 2022587, 2023151, 2023152, 2027429, 2027430, 2027431 and 2058507.

**IF YOU LIVE IN NORTH CAROLINA, THIS APPLIES TO YOU:** North Carolina Department of Insurance Permit #101659, #4182, #4250, #3777, #111895, #112039, #113170, #113236 and #112678: Midland Credit Management, Inc. 320 E Big Beaver Rd. Suite 300, Troy, MI 48083

**IF YOU LIVE IN TENNESSEE, THIS APPLIES TO YOU:** This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance.

PRODA

Scanned with CamScanner

## IN THE COUNTY COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
## IN AND FOR BROWARD COUNTY, FLORIDA

Case No.

VIRGINIA AYALA,

        Plaintiff,

vs.

MIDLAND CREDIT MANAGEMENT,
LLC, and MIDLAND FUNDING, LLC,

        Defendants.

_____/

### PLAINTIFF'S NOTICE OF
### SERVING INTERROGATORIES TO DEFENDANT

Plaintiff VIRGINIA AYALA, by and through undersigned counsel, and pursuant to Florida

Rules of Civil Procedure 1.340, hereby propounds the attached interrogatories to Defendant

MIDLAND CREDIT MANAGEMENT, LLC. Sworn answers to these Interrogatories must be

furnished on or before the 30th day after the service of these Interrogatories.

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 13, 2020, the foregoing was electronically

filed with the Clerk of the Court using the Florida Courts E-Filing Portal which will send a notice

of electronic filing to all counsel of record.

        Respectfully Submitted,

        /s/ Thomas J. Patti
        **THOMAS J. PATTI, ESQ.**
        Florida Bar No.: 118377
        E-mail:   tom@jibraellaw.com

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

**I.   DEFINITIONS**

(1)   "Action" shall mean the above captioned matter.

(2)   "Any," "All," and "each" shall be construed as any, all and each.

(3)   "And" shall mean and/or.

(4)   "Concern," "concerning," "refer," "referring," "relate, " "relating," "regard," or "regarding" shall all mean documents which explicitly or implicitly, in whole or in part, compare, were received in conjunction with, or were generated as a result of the subject matter of the request, including all documents which reflect, record, specify, memorialize, relate, describe, discuss, consider, concern, constitute, embody, evaluate, analyze, refer to, review, report on, comment on, impinge upon, or impact the subject matter of the request;

(5)   "Complaint" means the operative Statement of Claim filed in the above captioned action.

(6)   "Collection Letter" shall refer to Exhibit "A" attached to the Complaint.

(7)   "Communication" or "sent" includes every manner or means of disclosure, transfer, or exchange of information, and/or attempt thereof, and every disclosure, transfer or exchange of information, whether orally or by document or whether face-to-face, by telephone, mail, electronic mail, personal delivery, or otherwise, and/or attempt thereof.

(8)   "Defendant," "you," and "your" shall mean MIDLAND CREDIT MANAGEMENT, LLC, any of its directors, officers, sales, agents, managers, supervisors, general agents, agents (including attorneys, accountants, consultants, investment advisors or bankers), employees, representatives and any other persons purporting to act on their behalf. These defined terms include divisions, affiliates, subsidiaries, predecessor entities, acquired entities and/or related entities or any other entity acting or purporting to act on its behalf, including those who sought to communicate with Plaintiff during the relevant time-period whether by letter, e-mail, text message, or any other medium, regardless of whether successful or unsuccessful.

(9)   "Debt" shall refer to the obligation or purported obligation which Defendant sought to collect from Plaintiff in the Collection Letter.

(10)  "Document" means the original, and all non-identical copies (whether different from the original because of additional notations or otherwise), of all written, printed, typed, recorded, electronically or digitally stored, or graphic matter, however produced or reproduced, in the actual or constructive possession, custody, or control of plaintiff including, without limitation, all writings, drawings, graphs, charts, photographs,

photographic records, sound reproduction tapes, data compilations (whether tangible or intangible from which information can be obtained, discerned, or can be translated through detection devices into a reasonably usable tangible form), correspondence, memoranda, data, notes of conversations, diaries, papers, letters, e-mail communications, telegrams, messages of any kind, minutes of meetings, stenographic or hand-typed and written notes, appraisals, bids, account books, checks, invoices, ledgers, agreements, studies, estimates, reports, instructions, requests, pamphlets, brochures, applications, returns, pictures, books, journals, ledgers, corporate records, accounts, contracts, leaflets, administrative or governmental reports or returns, exhibits, maps, surveys, sketches, microfilm, Xerox or any other tangible things which constitute or contain matters within the scope of the Florida Rules of Civil Procedure.

(11)   "FCCPA" means the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.*

(12)   "FDCPA" means the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.*

(13)   "Including" means: (a) including, but not limited to, or (b) including, without limitation. Any examples which follow these phrases are set forth to clarify the request, definition or instruction, not limited to the request, definition or instruction.

(14)   "Identify" with respect to natural person, means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this paragraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(15)   "Or" shall mean and/or.

(16)   "Payment" shall include all available methods of funds tender, including but not limited to: cash; money order, a negotiable instrument such as a check, note, or draft; an ACH debit; bank, wire, or electronic-funds transfer; and, credit-card payment.

(17)   "Person" or "Persons" shall mean natural persons, proprietorships, joint ventures, partnerships, corporations, trust, groups, associations, organizations, governmental agencies and all other entities.

(18)   "Plaintiff" or "Plaintiff's" shall mean VIRGINIA AYALA.

(19)   "Relevant time period," "relevant period" or "during the relevant period" refers to a finite length of time, the duration of which is uninterrupted, that begins three years prior to commencement of the above captioned action, and ends on October 13, 2020.

(20)   The phrase "as defined by the FDCPA" shall refer to the meaning and/or definition of a particular word or phrase set forth under 15 U.S.C. § 1692a.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

(21)   The phrase "as defined by the FCCPA" shall refer to the meaning and/or definition of a particular word or phrase set forth under Fla. Stat., § 559.55.

## II.    INSTRUCTIONS

Each of the following requests is continuing, and in the event that at any later date you obtain or discover any additional information responsive to any request, you shall submit the information promptly. If an objection is made to any interrogatories herein, all information covered by the interrogatory which is not subject to the objection should be provided.

Information which may be responsive to more than one interrogatory need not be repeated, however such information should be identified and the interrogatory it was previously responsive to referenced. All headings herein are included only for organization purposes and should not be construed as being part of any interrogatory, or as limiting any request in any manner.

If any information requested by these interrogatories is claimed to be privileged or any interrogatory is otherwise objected to, please provide the exact grounds upon which the objection is based and identify all persons who presently have access to or are aware of the information requested.

## III.    INTERROGATORIES

**Interrogatory No. 1.**   Describe, step-by-step, the process which resulted in the Collection Letter being transmitted to Plaintiff, beginning with the date and method of transmission of Plaintiff's information to Defendant, e.g., computer tapes or other media delivered (when, by whom, where and to whom); content of computer tape or media; data input (where and by whom); computer entry or other means of directing transmission letters (where and by whom entry made), letter with debtor information printed (from where and by whom); letter with debtor information mailed (from where and by whom), computer tapes or media returned (on what occasion, when, by whom and to whom).

**RESPONSE:**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

**Interrogatory No. 2.**     Identify each of Defendant's practices, policies, and procedures that were in existence prior to sending Plaintiff the Collection Letter, whereby said practices, policies, and procedures were reasonably adapted to prevent Defendant from violating the FCCPA as alleged by Plaintiff.

**RESPONSE:**

**Interrogatory No. 3.**     Identify the documents specified by Rule 69V-180.080, Florida Administrative Code, that Defendant maintains.

**RESPONSE:**

**Interrogatory No. 4.**     Identify the documents specified by Rule 69V-180.080, Florida Administrative Code, that Defendant does not maintain.

**RESPONSE:**

**Interrogatory No. 5.**     Identify the documents specified by Rule 69V-180.080, Florida Administrative Code, maintained by Defendant regarding Plaintiff or the Debt that are current within one week of the current date.

**RESPONSE:**

**Interrogatory No. 6.**     Identify the documents specified by Rule 69V-180.080, Florida Administrative Code, maintained by Defendant regarding Plaintiff or the Debt that are not current within one week of the current date.

**RESPONSE:**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## <u>VERIFICATION</u>

Under penalties of perjury, I, the undersigned affiant, declare that I have read the foregoing

Answers to Interrogatories, and that the Answers are true and correct.

_____

AFFIANT SIGNATURE

_____

PRINTED NAME OF AFFIANT

_____

CAPACITY / TITLE OF AFFIANT

**BEFORE ME,** the undersigned authority, personally appeared _____,

who produced as identification _____, bearing

number _____ expiring on _____ who

did take an oath, who stated that he/she is the person noted above, and that, according to his/her

best knowledge and belief, the forgoing answers are true and correct.

Sworn to and subscribed before me, this _____ day of _____, 202_____.

_____

SIGNATURE OF NOTARY

_____

PRINTED NAME OF NOTARY

┌─────────────────────────────────┐
│                                 │
│                                 │
│                                 │
│                                 │
│                                 │
└─────────────────────────────────┘

SEAL OF NOTARY

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Filing # 114908068 E-Filed 10/15/2020 04:30:58 PM

## IN THE COUNTY COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
## IN AND FOR BROWARD COUNTY, FLORIDA

Case No.

VIRGINIA AYALA,

          Plaintiff,

vs.

MIDLAND CREDIT MANAGEMENT,
LLC, and MIDLAND FUNDING, LLC,

          Defendants.

_____/

## PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Plaintiff VIRGINIA AYALA, by and through undersigned counsel, and pursuant to Florida Rules of Civil Procedure 1.350, and requests Defendant MIDLAND CREDIT MANAGEMENT, LLC, to produce for inspection and copying within thirty (30) days from service the following documents by e-mail to tom@jibraellaw.com, or in the event delivery of Defendant's responses and the requested documents cannot be provided via e-mail, the same may be delivered to The Law Offices of Jibrael S. Hindi 110 SE 6th Street, 17th Floor, Fort Lauderdale, Florida 33301.

## I.  DEFINITIONS

(1)    "Action" shall mean the above captioned matter.

(2)    "Any," "All," and "each" shall be construed as any, all and each.

(3)    "And" shall mean and/or.

(4)    "Concern," "concerning," "refer," "referring," "relate, " "relating," "regard," or "regarding" shall all mean documents which explicitly or implicitly, in whole or in part, compare, were received in conjunction with, or were generated as a result of the subject matter of the request, including all documents which reflect, record, specify, memorialize, relate, describe, discuss, consider, concern, constitute, embody, evaluate, analyze, refer to, review, report on, comment on, impinge upon, or impact the subject matter of the request;

(5)    "Complaint" means the operative Statement of Claim filed in the above captioned action.

(6)    "Collection Letter" shall refer to Exhibit "A" attached to the Complaint.

(7)    "Communication" or "sent" includes every manner or means of disclosure, transfer, or exchange of information, and/or attempt thereof, and every disclosure, transfer or exchange

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

of information, whether orally or by document or whether face-to-face, by telephone, mail, electronic mail, personal delivery, or otherwise, and/or attempt thereof.

(8)    "Defendant," "you," and "your" shall mean MIDLAND CREDIT MANAGEMENT, LLC, any of its directors, officers, sales, agents, managers, supervisors, general agents, agents (including attorneys, accountants, consultants, investment advisors or bankers), employees, representatives and any other persons purporting to act on their behalf. These defined terms include divisions, affiliates, subsidiaries, predecessor entities, acquired entities and/or related entities or any other entity acting or purporting to act on its behalf, including those who sought to communicate with Plaintiff during the relevant time-period whether by letter, e-mail, text message, or any other medium, regardless of whether successful or unsuccessful.

(9)    "Debt" shall refer to the obligation or purported obligation which Defendant sought to collect from Plaintiff in the Collection Letter.

(10)   "Document" means the original, and all non-identical copies (whether different from the original because of additional notations or otherwise). of all written, printed, typed, recorded, electronically or digitally stored, or graphic matter, however produced or reproduced, in the actual or constructive possession, custody, or control of plaintiff including, without limitation, all writings, drawings, graphs, charts, photographs, photographic records, sound reproduction tapes, data compilations (whether tangible or intangible from which information can be obtained, discerned, or can be translated through detection devices into a reasonably usable tangible form), correspondence, memoranda, data, notes of conversations, diaries, papers, letters, e-mail communications, telegrams, messages of any kind, minutes of meetings, stenographic or hand-typed and written notes, appraisals, bids, account books, checks, invoices, ledgers, agreements, studies, estimates, reports, instructions, requests, pamphlets, brochures, applications, returns, pictures, books, journals, ledgers, corporate records, accounts, contracts, leaflets, administrative or governmental reports or returns, exhibits, maps, surveys, sketches, microfilm, Xerox or any other tangible things which constitute or contain matters within the scope of the Florida Rules of Civil Procedure.

(11)   "FCCPA" means the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.*

(12)   "FDCPA" means the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.*

(13)   "Including" means: (a) including, but not limited to, or (b) including, without limitation. Any examples which follow these phrases are set forth to clarify the request, definition or instruction, not limited to the request, definition or instruction.

(14)   "Identify" with respect to natural person, means to give, to the extent known. the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

identified in accordance with this paragraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(15)  "Or" shall mean and/or.

(16)  "Payment" shall include all available methods of funds tender, including but not limited to: cash; money order, a negotiable instrument such as a check, note, or draft; an ACH debit; bank, wire, or electronic-funds transfer; and, credit-card payment.

(17)  "Person" or "Persons" shall mean natural persons, proprietorships, joint ventures, partnerships, corporations, trust, groups, associations, organizations, governmental agencies and all other entities.

(18)  "Plaintiff" or "Plaintiff's" shall mean VIRGINIA AYALA.

(19)  "Relevant time period," "relevant period" or "during the relevant period" refers to a finite length of time, the duration of which is uninterrupted, that begins three years prior to commencement of the above captioned action, and ends on October 13, 2020.

(20)  The phrase "as defined by the FDCPA" shall refer to the meaning and/or definition of a particular word or phrase set forth under 15 U.S.C. § 1692a.

(21)  The phrase "as defined by the FCCPA" shall refer to the meaning and/or definition of a particular word or phrase set forth under Fla. Stat., § 559.55.

## II.    INSTRUCTIONS

Each of the following requests is continuing, and in the event that at any later date you obtain or discover any additional document responsive to any request, you shall submit such document promptly. If an objection is made to any request herein, all documents covered by the request not subject to the objection should be produced. Similarly, if an objection is made to production of a document, the portion(s) of that document not subject to objection should be produced with the portion(s) objected to deleted and indicated clearly.

Each document is to be produced in its entirety even if only a portion of the document is related to the identified subject matter and without abbreviation, editing, or expurgation and including all appendices, tables, or other attachments. If an appendix, table, or other attachment is not presented

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

with the original but is attached to a copy thereof or is otherwise available, it should be submitted and clearly marked to indicate the document to which it corresponds. With the exception of privileged material, no document or portion thereof should be masked or deleted in any manner. To the extent possible, documents should be produced in the same order and arrangement as in the file form which they are taken.

Unless otherwise requested, in lieu of producing original documents, you may produce photocopies, provided that you shall retain the original documents and produce them to the Plaintiff upon request. Further, copies of original documents may be submitted in lieu of originals only if they are true, correct, and complete copies of the original documents, and their submission constitutes a waiver of any claim as to the authenticity of the copy should it be necessary to introduce such copy into evidence in any legal proceeding. Please provide color copies of any document originally produced in color or containing type, writing, or other marks in any color other than black.

In the event such file(s) or documents(s) has (have) been removed, either for the purpose of this action or for some other purpose, please state the name and address of the person who removed the file, the title of the file and each sub-file, if any, maintained within the file, and the present location of the file. If you choose to withhold from production for inspection and copying on the ground of privilege or the like, it is requested that you provide the following information:  date, type of document, author, addressee or recipient, present location, custodian, number of pages, general description, privilege claimed, and any other pertinent information.

## III.    PRODUCTION REQUESTS

The following documents are requested to be produced. <u>Please contact undersigned counsel, or have your attorney contact undersigned counsel if you are represented by an attorney, if you are uncertain as to the meaning of a term is or if you need additional information to understand a request.</u>

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136| Fax (855) 529-9540
www.JibraelLaw.com

(1)     Copies of the documents that Defendant sent to Plaintiff during the within the five (5) years prior to the commencement of the above-captioned action.

(2)     Copies of the documents utilized or referenced by Defendant to create or draft the Collection Letter.

(3)     Copies of the documents, including manuals, instructions and guidelines, setting forth the policies and procedures of debt collection employed by Defendant during the two (2) years prior to the commencement of the above-captioned action.

(4)     A complete copy of any insurance policies covering Defendant for violations of the FDCPA or FCCPA during the relevant period.

(5)     A copy of the template or form used to create the Collection Letter.

(6)     A copy of Defendant's tax returns for the years 2016, 2017, 2018, and 2019.

(7)     A copy of Defendant's financial statements for the years 2016, 2017, 2018, and 2019.

(8)     A copy of Defendant's balance sheets for the years 2016, 2017, 2018, and 2019.

(9)     Copies of the documents that Plaintiff requested Defendant to identify in Interrogatory No. 3, 4, 5, and 6.

(10)    All documents relied or referenced by Defendant in responding to the Interrogatories propounded on Defendant in the above-captioned action.

(11)    Copies of all reports and documents utilized by an expert which Defendant proposes to call at trial.

(12)    All exhibits which Defendant proposes to introduce at trial.

DATED: October 13, 2020

/s/ Thomas J. Patti
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:   tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:    954-907-1136
Fax:      855-529-9540

*COUNSEL FOR PLAINTIFF*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 13, 2020, I electronically filed the foregoing document with the Clerk of the Court using the Florida Courts E-Filing Portal. I also certify that the foregoing document is being served on opposing counsel via e-mail.

/s/ Thomas J. Patti
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com