UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 0:20-cv-62494

VIRGINIA AYALA,

       Plaintiff,
v.

MIDLAND CREDIT MANAGEMENT, LLC,
and MIDLAND FUNDING, LLC,

       Defendants.
_____/

**DEFENDANTS MIDLAND FUNDING LLC'S AND
MIDLAND CREDIT MANAGEMENT, INC.'S MOTION TO
DISMISS AND INCORPORATED MEMORANDUM OF LAW**

    Defendants, Midland Funding LLC ("Midland Funding") and Midland Credit Management, Inc. ("MCM") (collectively "Defendants"), by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), move this Court for an Order dismissing *with prejudice* the Complaint filed by Plaintiff Virginia Ayala ("Plaintiff") for failure to state a claim.

**PRELIMINARY STATEMENT**

    In what amounts to a convoluted and confusing complaint that fails to state a claim upon which relief can be granted, Plaintiff has asserted two misguided theories that simply do not amount to a misrepresentation (let alone one that is material) under the Fair Debt Collection Practices Act ("FDCPA") or Florida Consumer Collection Practices Act ("FCCPA"). Count I alleges that Defendants violated the FDCPA because they failed to "adequately inform the least sophisticated consumer of the true amount owed to the current creditor" in a letter sent to Plaintiff. Compl., ¶ 36 [ECF No. 1]. Plaintiff, however, never identifies what that true amount due and

owing would be and instead, without any supporting authority whatsoever, alleges that MCM "failed to provide an explicit disclosure of accrued and accruing interest the [account] is subject to pursuant to the agreement underlying the [account]." *Id*. Telling, Plaintiff fails to allege that Defendants are actually charging ***any*** interest on the account, nor could she.[1] To that extent that Plaintiff contends that Defendant should have identified the interest charged by the underlying creditor on the subject account, that claim fails. *See Wahl v. Midland Credit Management, Inc.*, 556 F.3d 643 (7th Cir. 2009) (rejecting similar argument and finding that MCM was not required to disclose the principal and interest charged by the original creditor because "[t]he interest charged by BP was very much part of the principal balance in Midland's eyes. Midland obtained the entire BP debt, including interest, so the starting or original amount owed, as far as it was concerned was indeed $1,149.09."). Plaintiff attempts to bolster her misguided claim by improperly relying on *Anselmi v. Shendell & Associates*, P.A., Case No. 12-61599, 2014 WL 5471111 (S.D. Fla. Oct. 29, 2014), a case completely distinguishable from this action. In *Anselmi*, the record was clear that the amount at issue may have varied from day to day, where there is no allegation here that MCM has claimed or intends to claim interest in this case. Nor does Plaintiff allege that she was confused by the current balance disclosed in the subject letter.

Count II and III fare no better. These counts contend that Defendants violated the FDCPA because the beneficial disclosure to the Plaintiff – that she will not be sued due to the age of the debt – is somehow misleading because according to Plaintiff the statute of limitations had not expired. Even if Plaintiff's contention is correct that the statute had not expired, Plaintiff has not explained – nor could she – how such a purported misrepresentation could be material to her given that Defendants have only indicated ***they*** will not sue her. Plaintiff also does not allege that

---

[1] The current principal balance on Plaintiff's account set forth in the letter is $4,335.81. Defendants do not accrue interest on the account.

Defendants have sued her, intend to sue her or are otherwise have engaged in actions that would contradict the claim she would not be sued. In sum, Plaintiff's claim that the language included in this letter is a misrepresentation lacks any merit whatsoever, particularly where Defendants representation that she will not be sued inures to her benefit.

For all these reasons, which are discussed more fully below, all counts alleged in Plaintiff's Complaint should be dismissed.

## BRIEF PROCEDURAL HISTORY

Plaintiff filed two identical complaints on October 13, 2020 in the County Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. On December 4, 2020, Defendants timely removed both cases to this Court on the basis of federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441. Contemporaneously with the filing of this motion, Defendants also seek to transfer the second filed action to this Court. Defendants now move to dismiss Plaintiff's Complaint in its entirety because Plaintiff's allegations, even if accepted as true, do not support a claim upon which relief can be granted.

## STANDARD OF REVIEW

On a motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint is subject to dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto." *Thaeter v. Palm Beach County Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006) (citation omitted). Furthermore, "the Eleventh Circuit has held that when considering a Rule 12(b)(6) motion to dismiss, a court may take judicial notice of the public record, without converting the motion to dismiss to a motion for summary judgment." *United States Golf Learning Inst., LLC v. Club Managers Ass'n of Am.*, No. 8:11-CV-2184-T-

33EAJ, 2012 WL 768201, at *3 (M.D. Fla. Mar. 9, 2012) (citation omitted). This is because such documents are capable of accurate and ready determination. *Id*. As such, the Court may review documents filed in other judicial proceedings for the limited purpose of recognizing the "judicial act" taken or the subject matter of the litigation and issues decided, without converting the motion to dismiss to a motion for summary judgment. *Id*. In ruling on a motion to dismiss, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

## ARGUMENT

### I. Defendants Made No False or Misleading Statements Regarding Any Interest or Fees Charged By the Original Creditor

In claiming that Defendants falsely represented the total amount of the debt in the subject letter, Plaintiff misconstrues Midland Funding's role in the process as an assignee of the underlying account. Given that any purported interest or fees were imposed by the original creditor, and not Midland Funding, Defendants never sought nor intend to seek interest on their own behalf. In rejecting a claim brought by a plaintiff alleging that Midland Credit Management must break down principal and interest in a collection letter under the FDCPA, the Seventh Circuit explained:

> The starting or original amount owed, [plaintiff] would say, was what [plaintiff] charged on the BP card. It follows that none of the interest, whether tacked on by BP or Midland, is part of the 'principal balance.' And since Midland included the BP interest within the 'principal balance' figure, it uttered a falsehood. But this logic ignores Midland's role in the process entirely. The interest charged by BP was very much part of the principal balance in *Midland's* eyes. Midland obtained the BP debt, including interest, so the starting or original amount owed, as far as it was concerned, was indeed $1,149.09 . . . . The unsophisticated consumer, with a reasonable knowledge of her account history, would have little trouble concluding that the 'principal balance' included interest charged by BP . . . . It is enough for purposes of § 1692e that Midland's statements were not false or misleading.

*Wahl*, 556 F.3d at 646 (7th Cir. 2009).

4

The Seventh Circuit's explanation of an assignee's role in collecting the debt is important, where, as here, the subject letter sought no interest or other fees imposed by Defendants. As in *Wahl*, Plaintiff's case rests on "empty semantics" and her "argument under §1692e – hypertechnical at best – is flawed from beginning to end." *Id*. at 645, 647. Given that Plaintiffs have not alleged that Defendants assessed their own interest or fees, this case falls within the ambit of *Wahl* and must be dismissed.

> **II. Any Statements Regarding the Amount of the Subject Account in the Letter are Immaterial within the Meaning of the FDCPA**

It is well-settled that any purported statements that "do not affect a consumer's ability to make intelligent decisions" are "immaterial" and therefore not actionable under the FDCPA. *See Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1034 (9th Cir. 2010). In *Donohue*, the plaintiff alleged that a defendant violated the FDCPA by charging usurious interest. *Id*. at 1030. In response, defendant contended that the "so-called interest amounts" were pre-assignment finance charges imposed by the original creditor. *Id*. In rejecting the plaintiff's claim that the statement regarding $32.89 in interest charges was material, the Ninth Circuit held:

> The reason for applying the materiality requirement is also implicated by the facts of this case. In assessing FDCPA liability, we are not concerned with mere technical falsehoods that mislead no one, but instead with genuinely misleading statements that may frustrate a consumer's ability to intelligently choose his or her response. Here, the statement in the Complaint did not undermine Donohue's ability to intelligently choose her action concerning her debt. Based on the information contained in the Complaint, Donohue could have challenged the accuracy or legality of the total debt and principal owed, futile as that may have been, or Donohue could have paid the accurately stated sum to settle her debt.

*Id*. at 1034.

Courts within the Eleventh Circuit have also dismissed complaints asserting FDCPA violations based on alleged misleading statements where the purported conduct lacks materiality.

5

*See, e.g., Stewart v. Bureaus Investment Group, LLC*, 2015 WL 7572312, *18 (S.D. Ala. November 24, 2015) (dismissing claim alleging defendant was not licensed to do business in Alabama based on materiality limitation); *see also Miljkovic v. Shafritz and Dinkin, P.A.*, Case No. 8-14-cv-635-T-33TBM, 2014 WL 3587550,* 8 (M.D. Fla. July 18, 2014), *aff'd on other grounds*, 791 F.3d 1291 (11th Cir. 2015) ("[T]o state a §1692e claim, the plaintiff must allege that the conduct was materially misleading").[2]

Here, as in *Miljkovic*, Plaintiff fails to allege how a consumer could be confused or that Defendant's purported actions "influenced" her "decision or ability to pay or challenge the debt." *See Miljkovic*, 2014 WL 3587550 at *8 (holding that "[t]o be materially misleading, a statement must 'influence a consumer's decision or ability to pay or challenge a debt'" and determining that "Miljkovic's claims lack materiality as Miljkovic failed to allege in the Complaint that the sworn reply causes him any confusion about the validity or amount of the debt or otherwise impeded his ability to pay or challenge it.") (citations omitted). Nor does Plaintiff allege that she herself was confused about the validity or amount of the debt or that Defendants' actions otherwise impeded her ability to pay or challenge it. The claims raised by Plaintiff are akin to the mis-labeling claims raised in *Donohue* in the sense that they do not contest that the amount sought in the State Court complaint are incorrect, only that Defendants cannot seek the amount due based on the cause of action that was chosen. This puts form over substance. Plaintiff's claims are tantamount to the hyper-technical claims disfavored under the case law interpreting the FDCPA. Based on *Donohue*

---

[2] Plaintiff's conclusory allegations that Defendants actions are generally misleading do not save the Complaint from dismissal. *See, e.g., Anselmi v. Shendell & Assoc., P.A.*, Case No. 12-61599-CIV-WILLIAMS, 2015 WL 11121357, *7 (S.D. Fla. January 1, 2015) ("Viewed from the perspective of the least sophisticated consumer, Plaintiff has not shown how the labeling of those fees was incorrect, much less that the labeling was material or misleading. Nor has she asserted her decision-making regarding the debt would have been affected had the $50.00 in fees been labeled differently. Regardless of whether Defendant listed the disputed $50,00 as fees or costs, they were amounts expressly authorized by the agreement creating the debt and the inclusion of those fees in the Collection Letter was not unfair, misleading, or deceptive.").

6

and *Miljkovic*, any alleged statements regarding purported interest or fees imposed did not undermine in any way Plaintiff's ability to choose how she responded concerning the debt due and owing. As such, any such statements are immaterial and not actionable under the FDCPA.

The claims raised by Plaintiff recall the district court's observation in *Jacobson v. Healthcare Fin. Servs., Inc.*, 434 F.Supp.2d 133, 138 (E.D.N.Y. 2006):

> Ironically, it appears that it is often the extremely sophisticated consumer who takes advantage of the civil liability scheme defined by [the FDCPA], not the individual who has been threatened or mislead . . . . It is interesting to contemplate the genesis of these suits. The hypothetical Mr. Least Sophisticated Consumer ("LSC") makes a $400 purchase. His debt remains unpaid and undisputed. He eventually receives a collection letter requesting payment of the debt which he rightfully owes. Mr. LSC, upon receiving a debt collection letter that contains some minute variations from the statute's requirements, immediately exclaims 'This clearly runs afoul of the FDCPA!' and – rather than simply pay what he owes – repairs to his lawyer's office to vindicate a perceived 'wrong.' '[T]here comes a point where this Court should not be ignorant as judges what we know as [people]. *Watts v. State of Ind.*, 338 U.S. 49, 52, 69 S.Ct. 1347, 93 L.ed. 1801 (1949).

Based on the fact that Plaintiff has failed to meet this materiality requirement, the claims set forth in the Complaint should be dismissed.

### III. Plaintiff's Claim Regarding the Language Concerning the Time-Barred Nature of Her Account is a Non-Starter

At the outset, Plaintiff has failed to explain how the statement "[t]he law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it" is misleading. While Plaintiff asserts in conclusory fashion that that the statute of limitations has not expired, Plaintiff provides no factual support for this claim.[3] For this reason alone the claim should be dismissed.

---

[3] Defendants' records demonstrate that Plaintiff's last payment on the account was February 6, 2016. Given that Florida has a four (4) year statute of limitations on suits seeking to collect on past due credit card accounts, Plaintiff's account would fall outside of the statute of limitations as of the May 20, 2020, the date of the subject letter.

Moreover, even accepting Plaintiff's conclusory contention concerning the statute of limitations as true, she has failed to identify how the language could be material, given that Defendants' statement they will not sue here inures to her benefit. *See Valle v. First National Collection Bureau, Inc.*, 252 F.Supp.3d 1332, 1340 (S.D. Fla. 2017) (finding that the language – which was required by two agencies charged with enforcing the FDCPA – even from the perspective of the least sophisticated consumer, did not misrepresent the status of the debt."). In addition, Plaintiff's Complaint contains no allegation suggesting that the underlying debt was valid, that the statute had not run, or that Defendants had the ability to sue in court. *See Will v. Portfolio Recovery Assoc.*, LLC, Case no. 18-cv-02790-MSK-KMT, 2019 WL 4674352, *5 (D. Colo. September 24, 2019) (dismissing complaint based on similar allegations and finding "there is no showing that the Collection Letter threatened litigation or any other legally-precluded remedy. Indeed, quite the opposite is true – it expressly states that no legal action would be taken."). Accordingly, based on Plaintiff's unsupported position that the statute has run, her claim that the language "we will not sue you" is somehow misleading amounts to a counterintuitive theory as Defendants have provided her with additional rights she would not be entitled to otherwise (*i.e.* not being sued in court). For these reasons, Counts II and III of the Complaint should be dismissed with prejudice.

## **CONCLUSION**

For the forgoing reasons, Defendants Midland Funding LLC and Midland Credit Management, Inc. respectfully request this Court to dismiss Plaintiff Virginia Ayala's Complaint *with prejudice*, award Defendants Midland Funding LLC and Midland Credit Management, Inc. attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), and grant such other and further relief as is just and proper.

Dated:  December 11, 2020

Respectfully submitted,

By: *s/ Cory Eichhorn*
      Cory Eichhorn
      Florida Bar No. 576761
      cory.eichhorn@hklaw.com
      HOLLAND & KNIGHT LLP
      701 Brickell Ave., Suite 3300
      Miami, FL 33131
      Telephone: (305) 374-8500
      Facsimile: (305) 789-7799

and

Philip E. Rothschild
Florida Bar No. 88536
phil.rothschild@hklaw.com
HOLLAND & KNIGHT LLP
515 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33302-4070
Telephone: (954) 525-1000
Facsimile: (954) 463-2030

*Attorneys for Defendants*
*Midland Credit Management, LLC and*
*Midland Funding, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of December, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record on the Service List below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

          *s/Cory Eichhorn*
          Cory Eichhorn

## SERVICE LIST

Jibrael Hindi, Esq.
jibrael@jibraellaw.com
Thomas J. Patti, Esq.
tom@jibraellaw.com
THE LAW OFFICES OF JIBRAEL S. HINDI
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone: 954-907-1136
Fax: 855-529-9540
*Attorneys for Plaintiff*