UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 0:20-cv-62494

VIRGINIA AYALA,

    Plaintiff,

v.

MIDLAND CREDIT MANAGEMENT, LLC,
and MIDLAND FUNDING, LLC,

    Defendants.
_____/

**DEFENDANTS MIDLAND FUNDING LLC'S AND
MIDLAND CREDIT MANAGEMENT, INC.'S RESPONSE TO
PLAINTIFF'S MOTION TO REMAND**

Defendants, Midland Funding LLC ("Midland Funding") and Midland Credit Management, Inc. ("MCM") (collectively "Defendants"), by and through undersigned counsel, hereby respond to Plaintiff Virginia Ayala's ("Plaintiff") Motion for Remand [ECF No. 4] (hereinafter, "Motion"). Defendants do not oppose the request for remand but do oppose the request for fees because removal was not objectively unreasonable.

**PRELIMINARY STATEMENT**

When Defendants removed this action, it assumed that Plaintiff, like any typical litigant, was asserting that she was actually harmed by what she alleges to be violations of the Fair Debt Collections Practices Act ("FDCPA") and the Florida Consumer Collections Practices Act ("FCCPA"). It is counterintuitive to think that a litigant filing a ten page complaint would then take the position that she suffered no harm. The incongruity of a plaintiff arguing to a federal court that she lacks standing to bring federal claims that she decided to bring in state court by disclaiming actual damages was not apparent to Defendants when they removed this case.

Defendants understood the Complaint, alleging a federal claim, to be subject to federal question jurisdiction. But now, faced with a Plaintiff willing to argue that she lacks Article III standing and suffered no federally cognizable harm as a result of the alleged wrongdoing, Defendants have no argument to counter Plaintiff's willingness to admit she lacks a concrete injury.[1] However, Defendants were not objectively unreasonable in removing this action, and therefore no fees should be awarded under 28 U.S.C. § 1447(c).

## ARGUMENT

Plaintiff's Motion seeks fees for the filing of the Motion to Remand, stating at page seven of the Motion that she seeks "attorneys' fees and costs expended as a result of Defendant's frivolous removal of this matter." As explained in the Motion to Dismiss filed by Defendants [ECF No. 5], it is Plaintiff's underlying claims that are frivolous, and her attempts to assert a claim under federal law but yet thwart removal by disclaiming actual damages is pure gamesmanship, made worse by her seeking to obtain fees from Defendants by arguing that she lacks Article III standing to bring her own claims. Defendants do not disclaim knowledge of the *Trichell* decision, as Defendants were involved in that litigation. However, the claims in this case invoke a different section of the FDCPA than involved in *Trichell*, and therefore at the time it decided to remove, Defendants believed that removal was proper.

The United States Supreme Court has stated that "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S. Ct. 704, 711,

---

[1] Though Defendants do not agree that case law from this District remanding cases for lack of standing for claims based upon the Telephone Consumer Protection Act ("TCPA") are necessarily applicable to Plaintiff's FDCPA claims.

163 L. Ed. 2d 547 (2005).  Citing to published case law, a 2019 decision from Judge Barber of the Middle District of Florida succinctly summarized the law:

> The Court may award attorneys' fees under  Section 1447(c) "only where the removing party lacked an objectively reasonable basis for seeking removal." *Bauknight v. Monroe Cty.*, 446 F.3d 1327, 1329 (11th Cir. 2006) (quotation marks and citations omitted). While proof of bad faith removal is not required, "there is no indication that a trial court should ordinarily grant an award of attorneys' fees whenever an effort to remove fails." *Kennedy v. Health Options, Inc.,* 329 F. Supp. 2d 1314, 1319 (S.D. Fla. 2004).

*Parham v. Osmond*, No. 8:19-cv-592-T-60SPF, 2019 WL 3822193 at *4 (M.D. Fla. Aug. 15, 2019).

Applying this standard to the present case, the case law relied upon by Plaintiff in her Motion involved Telephone Consumer Protection Act claims involving text messages, wherein judges in this District simply followed the Eleventh Circuit decision in *Salcedo v. Hanna,* 936 F.3d 1162 (11th Cir. 2019), in finding lack of Article III standing.  There is no indication in those decisions or those dockets that any fees were awarded to the plaintiffs as a result of granting remand.  *See Mittenthal v. Florida Panthers Hockey Club, Ltd*., --- F.Supp.3d ----, No. 20-60734-CIV, 2020 WL 3977142 at * 3 (S.D. Fla. July 14, 2020); *Jenkins v. Simply Healthcare Plans, Inc.*, No. 20-22677-CIV, --- F.Supp.3d ----, 2020 WL 4932105 at *2 (S.D. Fla. Aug. 17, 2020); *Avedyan v. CMR Construction and Roofing, LLC*, No. 20-81362-CIV, slip op. at 2 (ECF No. 23) (S.D. Fla. Nov. 25, 2020).

Here, the FDCPA claim on its face in the complaint presented a federal question and sought damages.  It was not objectively unreasonable for Defendants to remove the action.

## **CONCLUSION**

Therefore, Plaintiff's request for fees upon the granting of her motion for remand should be denied.

Dated:  December 31, 2020　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　By:   *s/ Cory Eichhorn*
　　　　　　　　　　　　　　　　　　　　Cory Eichhorn
　　　　　　　　　　　　　　　　　　　　Florida Bar No. 576761
　　　　　　　　　　　　　　　　　　　　cory.eichhorn@hklaw.com
　　　　　　　　　　　　　　　　　　　　HOLLAND & KNIGHT LLP
　　　　　　　　　　　　　　　　　　　　701 Brickell Ave., Suite 3300
　　　　　　　　　　　　　　　　　　　　Miami, FL 33131
　　　　　　　　　　　　　　　　　　　　Telephone: (305) 374-8500
　　　　　　　　　　　　　　　　　　　　Facsimile: (305) 789-7799

　　　　　　　　　　　　　　　　　　　　and

　　　　　　　　　　　　　　　　　　　　*/s/ Philip E. Rothschild*
　　　　　　　　　　　　　　　　　　　　Philip E. Rothschild
　　　　　　　　　　　　　　　　　　　　Florida Bar No. 88536
　　　　　　　　　　　　　　　　　　　　phil.rothschild@hklaw.com
　　　　　　　　　　　　　　　　　　　　HOLLAND & KNIGHT LLP
　　　　　　　　　　　　　　　　　　　　515 East Las Olas Blvd., Suite 1200
　　　　　　　　　　　　　　　　　　　　Fort Lauderdale, FL 33302-4070
　　　　　　　　　　　　　　　　　　　　Telephone: (954) 525-1000
　　　　　　　　　　　　　　　　　　　　Facsimile: (954) 463-2030

　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendants*
　　　　　　　　　　　　　　　　　　　　*Midland Credit Management, LLC and*
　　　　　　　　　　　　　　　　　　　*Midland Funding, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 31st day of December, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record on the Service List below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

　　　　　　　　　　　　　　　　　　　　 */s/ Philip E. Rothschild*
　　　　　　　　　　　　　　　　　　　　Philip E. Rothschild

## SERVICE LIST

Jibrael Hindi, Esq.
jibrael@jibraellaw.com
Thomas J. Patti, Esq.
tom@jibraellaw.com
THE LAW OFFICES OF JIBRAEL S. HINDI
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 3330 l
Phone: 954-907-1136
Fax: 855-529-9540
*Attorneys for Plaintiff*