## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 20-62494-CIV-ALTMAN/Hunt

**VIRGINIA AYALA,**

     *Plaintiff,*

v.

**MIDLAND CREDIT MANAGEMENT, LLC**,
and **MIDLAND FUNDING, LLC**,

     *Defendants.*

_____/

### ORDER

The Plaintiff has filed a Motion to Remand [ECF No. 4], to which the Defendants responded on December 31, 2020 [ECF No. 10]. In the Response, the Defendants averred that "Defendants do not oppose the request for remand but do oppose the request for fees because removal was not objectively reasonable." *Id*.

"[T]he standard for awarding fees should turn on the reasonableness of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 138 (2005). And, generally, a district court should award fees under § 1447(c) only when "the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 141. This Court rejects the Plaintiff's request for fees because the Defendants' removal—premised on the Plaintiff's claims under the Fair Debt Collection Act, 15 U.S.C. § 1692—had "an objectively reasonable basis."

Being fully advised, the Court hereby

**ORDERS AND ADJUDGES** as follows:

1. The Plaintiff's Motion to Remand [ECF No. 4] is **GRANTED in part and DENIED in part**.

2. This case is **REMANDED** to the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida.

3. Each party shall bear its own costs and attorneys' fees in connection with the removal and remand.

4. The Clerk shall **CLOSE** this case. All pending hearings and deadlines are **CANCELLED**, and any pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 11th day of January 2021.

_____

**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record